ROBERT JOHNSON, PROSECUTOR, v. ESSEX COUNTY
COURT OF SPECIAL SESSIONS, RESPONDENT.

Submitted October 3, 1944—Decided December 20, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Thomas Brunello.*

For the respondent, *William A. Wachenfeld* and *C. William Caruso.*

BODINE, J. Prosecutor was convicted in the Recorder's Court of Montclair of a violation of *R. S.* 2:202–16, which makes any one, having in his possession or custody number slips, a disorderly person. The complaint charged custody. Either possession or custody was an offense under the statute. It is enough that a complaint apprises the accused of the charge laid and of the statute which denounces his offense. After conviction, he appealed to the Essex County Court of Common Pleas and had a trial *de novo* as provided by law.

It is provided in *R. S.* 2:206–11 that: "Any person convicted under any provision of this subtitle who shall desire to have the legality of his conviction reviewed, may make application therefor to the justice of the supreme court holding the circuit for the county in which the conviction was had * * *." By an amendatory act of this provision (*Pamph. L.* 1942, *ch.* 35, *p.* 240, § 1; 2:206–11, *Cumulative Annual Pocket Part,* 1944-5, *p.* 11), it is provided: "Any person convicted under any provision of this subtitle who shall

desire to appeal from the conviction hereunder by a magistrate may, in addition to his right to obtain a writ of *certiorari* to review the proceedings before said magistrate, or to any other available relief, appeal to the special sessions court of the county in which the conviction was had."

By taking the appeal, prosecutor was governed by the provisions of the amendatory act of 1942, chapter 35; *N. J. S. A.* 2:206–11 found in *Cumulative Pocket Part* for 1944-45, *p.* 11, third paragraph, providing as follows: "An appeal to the special sessions court under authority of this section shall not operate to bring up for review the proceedings before the magistrate from whose conviction the appeal is taken, but shall operate as an application for a trial *de novo* in the special sessions court, and as a waiver of all technical defects in the record, including any defect in, or the absence of, any process or charge laid in the complaint, and as a consent that the court shall enter judgment solely upon the basis of the testimony presented before such court."

The statute having been followed, the prosecutor is precluded from raising the points now sought to be made.

There being no merit in the contention made before us, the judgment under review will be affirmed.